UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.

TRANSCONTINENTAL INSURANCE
COMPANY,

Plaintiff,

v.

BARLETTA ENGINEERING
CORPORATION,

Defendants.

04-12486 NG

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 11/24/04

MAGISTRATE JUDGE JLA

**INTRODUCTION**

In this action, Plaintiff Transcontinental Insurance Company ("Transcontinental"), a member of the CNA Insurance Group ("CNA"), respectfully requests a judicial determination pursuant to Fed. R. Civ. P. Rule 57 and 28 U.S.C. § 2201, that it has no obligation under a certain excess insurance contract to defend and indemnify Defendant Barletta Engineering Corporation ("Barletta") with respect to any claims against Barletta for property damage that allegedly occurred at the Lafayette School in Everett, Massachusetts and that was allegedly caused as a result of work performed or materials supplied by Barletta in connection with construction of the Lafayette School.

Plaintiff's action is based upon the terms, conditions, provisions and exclusions of the contract of excess liability insurance issued by Transcontinental to Barletta, on the grounds, among other things, that any property damage allegedly occurring at the Lafayette School, and for which Barletta may be legally responsible, was confined to the school itself and, thus, is not within

the insuring agreement of the contract and/or is excluded from coverage under the express terms of the insurance contract. In support of this action, Plaintiff states as follows:

## PARTIES

1. Plaintiff Transcontinental is a New York corporation with a principal place of business in Chicago, Illinois. Transcontinental is authorized to transact business in the Commonwealth of Massachusetts as a liability insurer.

2. Defendant Barletta, upon information and belief, is a Massachusetts corporation with a usual place of business in Roslindale, Massachusetts.

## JURISDICTION

3. Diversity jurisdiction exists between the parties. Subject matter jurisdiction is based upon Fed. R. Civ. P. Rule 57 and 28 U.S.C. § 2201.

4. Venue is properly placed in this Court as the events giving rise to this claim for declaratory relief occurred in this district.

5. A controversy exists between Transcontinental and Barletta regarding the parties' respective rights and obligations under the excess insurance policy issued by Transcontinental to Barletta, which is a named defendant in litigation currently pending in Massachusetts Superior Court. See *City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

## FACTS

6. On or about March 5, 1998, the City of Everett ("Everett"), as owner, and Barletta Engineering Corp. ("Barletta"), as general contractor, entered into a written contract wherein Barletta agreed to construct the Lafayette Elementary School in Everett, Massachusetts (the "Project").

7. Barletta, in furtherance of its contract with Everett, entered into numerous other written subcontracts for the Project, including, among others, subcontracts for provision and

installation of window and curtain walls; waterproofing, dampproofing and caulking; glass and glazing; heating, ventilating and air conditioning ("HVAC") systems; and elevators.

8. The building was reportedly completed on October 25, 1999, but was not occupied until February 2000, allegedly due to a variety of punch list items which needed to be addressed. The building has allegedly been suffering from water intrusion since it was first occupied in February 2000. Everett undertook repairs to the school in 2003 and the repairs have reportedly been completed.

9. On October 24, 2000, Everett sued Barletta and Barletta's performance bond surety, Firemen's Fund Insurance Company, alleging that the Project was plagued with water leaks, causing property damage, including mold contamination, to walls, ceilings, floors and other building materials, and leading to costly remediation (the "underlying action"). Everett claims that it has suffered and/or continues to suffer economic damage, real property damage and personal property damage which "may exceed $500,000.00." *See City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

10. Everett brought the action to recover its damages relating to certain negligent and defective construction, negligent and defective design and alleged property damage arising from the Project. Everett's Second Amended Complaint seeks recovery from Barletta for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of warranty, negligence, and indemnification. *See City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884. The Complaint alleges that the Project has been plagued with water infiltration and penetration at numerous locations and that the systemic leaks in the Project have caused damage to, among other things, walls, ceilings, floors and other building materials. The Complaint alleges that the water leakage conditions were caused, in whole or in part by, alone or in combination with, certain

design deficiencies, errors or omissions; negligent and defective construction practices, materials and methods; premature failure of material or other causes. According to the Complaint, the water leakage and damage to building materials has lead to collateral damages caused by mold growth, which will require extensive remediation efforts, and repair and reconstruction portions of the Project. Barletta answered Everett's Complaint and filed a Third-Party Complaint against various subcontractors and architects involved in the Project.

11. Transcontinental issued a primary Comprehensive General Liability policy, Policy No. CO 1080002674, to Barletta for the period October 30, 1998 to September 30, 2000 (the "Transcontinental primary policy"). The Transcontinental primary policy has limits of liability of $1 million for each occurrence and a products-completed operations aggregate limit of $2 million. Transcontinental also issued an excess liability insurance policy, Policy No. CUP 180002691, to Barletta for the period September 30, 1999 to September 30, 2000, with limits of liability of $15 million for each incident and in the aggregate (the "Transcontinental excess policy").

12. On November 1, 2001, upon tender of Everett's Complaint by Barletta, Transcontinental issued a reservation of rights letter on the primary policy to Barletta with respect to the underlying action and agreed, subject to that reservation and the policy terms, conditions and exclusions referenced therein, to provide a defense to Barletta for that action. On November 12, 2003, Transcontinental sent a letter withdrawing its reservation of rights on the primary policy and substituting its own defense counsel. Transcontinental then sent a supplemental letter to Barletta dated November 23, 2004, informing Barletta that Transcontinental has determined that it has no duty to defend or to indemnify Barletta under the Transcontinental excess policy in connection with the claims alleged by Everett against Barletta in the underlying action and therefore must disclaim coverage under the policy. Among other reasons, Transcontinental has disclaimed on the grounds that the so-called "business risk" exclusions in the Transcontinental excess policy barred any coverage for the costs of correcting Barletta's "work", "product" or

"impaired property" as referenced in the policy. However, Transcontinental agreed to continue to pay under the primary policy for defense counsel selected by Barletta, as well as all reasonable and necessary defense costs associated with the underlying action, until such time as a court determines that no such defense obligation exists.

13. The Transcontinental excess policy issued by Plaintiff to Barletta as described above contains one or more of the following exclusions:

    j.    "Property damage" to:

        (1)    Property you own, rent, or occupy;

        (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

        (3)    Property loaned to you;

        (4)    Personal property in the care, custody or control of the insured;

        (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

    k.    "Property damage" to "your product" arising out of it or any part of it.

  l. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

  m. "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

   (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

  n. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   (1) "Your product;"

   (2) "Your work;" or

   (3) "Impaired property;"

   if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## COUNT I
### (For Declaratory Relief)

14. Plaintiff Transcontinental realleges the allegations contained in paragraphs 1 through 13, above, as if fully set forth herein.

15. The claims asserted by Everett against Barletta for property damage that allegedly occurred at the Lafayette School in Everett, Massachusetts, arise from the performance of work by Barletta, either directly or indirectly, on the construction of the Project. Because the claims

against Barletta stem from alleged property damage that is confined to the Project itself, coverage for such damage is barred by the provisions of the aforementioned exclusions, as was recently held by the United States Court of Appeals for the First Circuit in B&T Masonry Construction Co., Inc. v. Public Service Mutual Insurance Company, 2004 U.S.App. LEXIS 18306 (August 30, 2004), in connection with claims for insurance coverage asserted by a subcontractor who performed work for Barletta on the same Project and who was also sued as a defendant and/or third-party defendant in *City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

16. Specifically, Plaintiff Transcontinental is entitled to a declaration that it has no coverage obligation under the Transcontinental policies to defend and indemnify Barletta for any of the liability claims arising out of the alleged property damage at the Lafayette School, for the following reasons:

a. Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against if for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of the policy.

b. Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it for the property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in the policy.

c. Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it do not involve or arise out of property damage to which the policy applies.

d. Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it for alleged property damage

BOS1439625.1                                      7

at the Lafayette School arise out of Barletta's breach of its contractual obligations to the City of Everett.

   e.   Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

   f.   Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek damages within the meaning of the policy.

   g.   Barletta is not entitled to any insurance coverage under the Transcontinental excess policy to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of the policy.

   h.   Barletta is not entitled to any insurance coverage under the Transcontinental excess policy in connection with the liability claims asserted against it for the alleged property damage at the Lafayette School, unless and until Barletta has exhausted all of its primary insurance policies and any other potentially applicable insurance coverage.

   i.   Barletta is not entitled to any insurance coverage under the Transcontinental excess policy because the liability claims asserted against it for the alleged property damage at Lafayette School are excluded by the "business risk" exclusions in the policy, which bar any coverage for the costs of correcting Barletta's "work", "product" or "impaired property" as referenced in the policy.

17.   Plaintiff Transcontinental's grounds for asserting that there is no coverage under the Transcontinental excess policy are based upon the facts which are available at this time. Plaintiff Transcontinental reserves its right to raise any additional defenses and grounds for disclaiming coverage if it determines such grounds to exist.

18. Based upon the foregoing, Transcontinental is entitled to a judicial declaration that it has no obligation under the Transcontinental excess policy to defend or indemnify Barletta with respect to any claims against it for alleged property damage at the Lafayette School.

**WHEREFORE**, the Plaintiff requests that this Court:

a. With respect to Count I, enter judgment and declare that Transcontinental has no obligation under the Transcontinental excess policy to defend or indemnify Barletta with respect to claims asserted against Barletta by the City of Everett in connection with the Lafayette School Project; and

b. Grant such other and further relief as the Court deems just and proper.

TRANSCONTINENTAL INSURANCE COMPANY,

By its attorneys,

Date: 11/24/04

*[signature]*
Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Transcontinental Insurance Company

## DEFENDANTS
Barletta Engineering Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory P. Deschenes
John S. Stadler
Michael L. Cornell
(617) 345-1000
Nixon Peabody LLP
100 Summer St.
Boston, MA 02110

Attorneys (If Known)
04-1240   NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | / [ ] 540 Mandamus & Other | | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 Diversity action for declaratory judgment regarding the rights of the parties under an insurance contract.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 11/24/04
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael L. Cornell

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Transcontinental Insurance Company v. Barletta Engineering Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.   150, 152, 153.

    04-12486 NG1

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court. **Filed contemporaneously with National Fire Insurance Co. of Hartford v. A & A Window Products, Inc. (related case)**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division [x]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Gregory P. Deschenes, John S. Stadler, and Michael L. Cornell**
ADDRESS **Nixon Peabody LLP, 100 Summer St., Boston, MA 02110**
TELEPHONE NO. **(617) 345-1000**

(Coversheetlocal.wpd - 10/17/02)