UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN 18 P 4: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY,       ) <br> ) <br> Plaintiff,       ) <br> v.       ) <br> BARLETTA ENGINEERING CORPORATION,       ) <br> ) <br> Defendants.       ) | CIVIL ACTION NO. 04-12486 NG |

## TRANSCONTINENTAL INSURANCE COMPANY'S REPLY TO COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant Transcontinental Insurance Company ("Transcontinental"), pursuant to Fed. R. Civ. P. 8(b) and (c), hereby responds to the numbered paragraphs of the Counterclaim of Defendant Barletta Engineering Corporation ("Barletta") as follows:

1. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, but states that, upon information and belief, Barletta is Massachusetts corporation.

2. Admitted.

3. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations that Barletta retained counsel to defend the claims asserted

by Everett "at the inception" of the Lafayette Lawsuit against Barletta. Transcontinental admits the remaining allegations of Paragraph 3.

4. Admitted.

5. Transcontinental admits that in 2001, Barletta submitted a claim to Transcontinental requesting defense and indemnification in the Lafayette Lawsuit under the Primary Policy issued by Transcontinental. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Transcontinental admits that on November 1, 2001, upon tender of Everett's Complaint by Barletta, Transcontinental issued a reservation of rights letter on the Primary Policy to Barletta with respect to the Lafayette Lawsuit and agreed, subject to that reservation and the policy terms, conditions and exclusions referenced therein, to provide a defense to Barletta for that action. Responding further, Transcontinental states that the November 1, 2001, letter is a document which speaks for itself, and to the extent that the allegations of Paragraph 7 mischaracterize or are inconsistent with the contents of that letter, they are denied.

8. Transcontinental admits that in or around early November 2001, Transcontinental retained counsel to represent Barletta in the Lafayette Lawsuit. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

2

9. Transcontinental admits that Barletta's counsel sent a letter dated November 12, 2001 to Transcontinental. Responding further, Transcontinental states that the November 12, 2001, letter is a document which speaks for itself, and to the extent that the allegations of Paragraph 9 mischaracterize or are inconsistent with the contents of that letter, they are denied. Transcontinental admits the allegations contained in the second sentence of Paragraph 9.

10. Denied.

11. Transcontinental admits that from November 2001, through November 12, 2003, Transcontinental paid for the defense of the Lafayette Lawsuit by Barletta's chosen counsel, and Transcontinental received reports from Barletta's counsel concerning the status of the Lafayette Lawsuit. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Admitted.

13. Transcontinental admits that Transcontinental and/or its affiliates insured certain subcontractors and the architect for the Project, and that it participated in the scheduling of mediation relating to the Lafayette Lawsuit. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Transcontinental admits that Barletta provided a status report on or about September 17, 2003. Responding further, Transcontinental states that the September 17, 2003, report is a document which speaks for itself, and to the extent that the allegations of

Paragraph 14 mischaracterize or are inconsistent with the contents of that report, they are denied.

15. Transcontinental admits that on November 12, 2003, Transcontinental sent a letter withdrawing its November 1, 2001 reservation of rights letter and substituting its own defense counsel, Curley & Curley. Transcontinental denies the remaining allegations contained in Paragraph 15.

16. Transcontinental admits that Barletta sent a letter dated November 21, 2003, to Transcontinental. Responding further, Transcontinental states that the November 21, 2003, letter is a document which speaks for itself, and to the extent that the allegations of Paragraph 16 mischaracterize or are inconsistent with the contents of that letter, they are denied.

17. Transcontinental admits that Curley & Curley has been defending Barletta in the Lafayette Lawsuit since November 2003. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Admitted.

21. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

4

29. Paragraph 29 states a conclusion of law to which no response is required. To the extent that Paragraph 29 may be construed as containing factual allegations requiring a response from Transcontinental, they are denied.

## COUNT II
### (Estoppel)

30. Transcontinental restates and incorporates by reference its responses to Paragraphs 1-29 of Barletta's Counterclaim, above, as though fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
### (G.L. c. 93A)

35. Transcontinental restates and incorporates by reference its responses to Paragraphs 1-34 of Barletta's Counterclaim, above, and Paragraphs 46-48 of Barletta's Counterclaim, below, as though fully set forth herein.

36. Admitted.

37. Paragraph 37 states a conclusion of law to which no response is required. To the extent that Paragraph 37 may be construed as containing factual allegations requiring a response from Transcontinental, they are denied.

38. Paragraph 38 states a conclusion of law to which no response is required. To the extent that Paragraph 38 may be construed as containing factual allegations requiring a response from Transcontinental, they are denied.

39. Denied.

40. Transcontinental admits that it did not issue a written coverage position on the Umbrella Policy to Barletta prior to November 23, 2004. Transcontinental denies the remaining allegations of Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT IV
### (Breach of Contract & Covenant of Good Faith and Fair Dealing)

45. Transcontinental restates and incorporates by reference its responses to Paragraphs 1-44 of Barletta's Counterclaim, above, as though fully set forth herein.

46. Paragraph 46 states a conclusion of law to which no response is required. To the extent that Paragraph 46 may be construed as containing factual allegations requiring a response from Transcontinental, they are denied.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Transcontinental has no obligation to defend or indemnify Barletta with respect to the Umbrella Policy referenced in Barletta's Counterclaim.

### FIFTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Barletta has not been damaged by any alleged conduct by Transcontinental.

### SIXTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Barletta has failed to mitigate any alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Transcontinental has not used or employed any unfair or deceptive act or practice in the conduct of trade or commerce, nor have they breached any express or implied obligations as set forth in the relevant insurance policies.

### EIGHTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Barletta has not suffered any monetary damages as a consequence of any alleged wrongful conduct by Transcontinental.

### NINTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, by Barletta's own negligence.

## TENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because Transcontinental has acted in good faith and in accordance with its contractual rights and obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because the liability claims asserted against it for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of the relevant insurance policies.

## TWELFTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, by Barletta's own prior breaches of the terms and conditions of the Umbrella Policy, including but not limited to Barletta's failure to comply with the notice requirements of the policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because the liability claims asserted against it for the alleged property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in the relevant insurance policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because the liability claims asserted against it do not involve or arise out of "property damage" to which the policies apply.

## FIFTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, because the coverage sought by Barletta is excluded under the relevant insurance policies, including but not limited to the "business risk"

exclusions in the policy, which bar any coverage for the costs of correcting Barletta's "work", "product" or "impaired property" as referenced in the policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School arise out of Barletta's breach of its contractual obligations to the City of Everett.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek "damages" within the meaning of the policies.

## NINETEENTH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of the policies.

## TWENTIETH AFFIRMATIVE DEFENSE

Barletta's claims are barred, in whole or in part, unless and until Barletta has exhausted all of its primary insurance policies and any other potentially applicable insurance coverage.

WHEREFORE, Plaintiff/Counterclaim-Defendant Transcontinental Insurance Company respectfully requests that this Court:

A. Enter judgment in favor of Transcontinental on all counts of Barletta's Counterclaims;

B. Declare that Transcontinental has no obligation under the Transcontinental Umbrella Policy to defend or indemnify Barletta with respect to claims asserted against Barletta by the City of Everett in connection with the Lafayette School Project;

C. Award Transcontinental the interest, costs, and attorneys fees it has incurred in defending against the Counterclaims and recovering a judgment against Defendant Barletta; and

D. Grant such other and further relief as the Court deems just and proper.

TRANSCONTINENTAL INSURANCE COMPANY,

By its attorneys,

Date: 1/18/05

Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/BY HAND ON 1/18/05

11