UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BARLETTA ENGINEERING CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO. 04-12486 NG |

**BARLETTA ENGINEERING CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.1(I)**

In response to Plaintiff's Motion for Reassignment Pursuant to Local Rule 40.1(I), the defendant/plaintiff-in-counterclaim, Barletta Engineering Corporation ("Barletta"), states:

1.　　There are numerous differences between the issues presented in the above-captioned case and the issues that were litigated in B&T Masonry Constr. Co., Inc. v. Public Serv. Mut. Ins. Co., 383 F.3d 36 (1st Cir. 2004).  For example, the fact that Barletta was the general contractor on the construction project at issue, rather than a subcontractor like B&T Masonry, is a material distinction for purposes of the insurance coverage analysis, particularly under Section I.2.l. of Barletta's umbrella policy.  Also, Transcontinental Insurance Company ("Transcontinental") affirmatively withdrew a reservation of rights that it had issued to Barletta with regard to providing defense and indemnity for Barletta in the lawsuit captioned City of Everett v. Barletta Engineering Corporation, et. al., Middlesex Superior Court Civil Action No. 00-4884 ("the City of Everett Action").  This, and other dealings between the parties, give rise to Barletta's claims against Transcontinental for estoppel, breach of the covenant of good faith and

fair dealing, and violation of G.L. c. 93A.  Such claims, along with Transcontinental's handling of Barletta's coverage request in the City of Everett action and the communications that occurred between Transcontinental and Barletta regarding that action, make this case entirely distinguishable from the B&T Masonry case.  Thus, without belaboring the point, Barletta disputes Transcontinental's characterization of the alleged similarities between this case and the B&T Masonry case.

     2.    Notwithstanding Barletta's position as outlined generally in paragraph 1 above, Barletta takes no position with respect to Transcontinental's Motion for Reassignment.  Barletta entrusts Transcontinental's request for reassignment to the sound discretion of this Court.

Respectfully submitted,

BARLETTA ENGINEERING CORPORATION

By its attorneys,

/s/ Thomas H. Hayman
Bert J. Capone (BBO#072880)
Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel:  (617) 217-5500
Fax: (617) 217-5200

Dated:  April 15, 2005

2

**CERTIFICATE OF SERVICE**

    I, Thomas H. Hayman, do hereby certify that on this 15th day of April, 2005, I served a true and accurate copy of the foregoing document through the Court's electronic filing system to counsel of record in this case.

                                                        /s/ Thomas H. Hayman
                                                        Thomas H. Hayman, BBO #557279

01466-0010
369616v1